UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: TYLENOL (ACETAMINOPHEN)
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION          MDL No. 2436

### TRANSFER ORDER

**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in 21 actions pending in the Eastern District of Pennsylvania move for centralization of this litigation in that district. The litigation encompasses the 27 actions listed on Schedule A.[1]

All responding plaintiffs, with the exception of plaintiff in the Southern District of Mississippi *Coleman* action, support centralization in the Eastern District of Pennsylvania. All responding defendants, however, oppose centralization,[2] and defendant Novartis specifically requests that if an MDL is created, the Panel exclude the Eastern District of Pennsylvania *Becker* action – which is the only action in which it and defendant Perrigo are named – from the centralized proceedings. If the Panel orders centralization over their objections, defendants McNeil and Perrigo favor selection of the Eastern District of Pennsylvania as transferee district.

The 27 personal injury and wrongful death actions before us involve allegations that ingesting acetaminophen – specifically, over-the-counter (OTC) Tylenol in its various forms – can cause serious liver damage, including liver failure, even when taken as directed. In opposing centralization, McNeil (and the *Coleman* plaintiff) principally argue that the actions largely will turn on plaintiff-specific facts (*e.g.*, the plaintiff's medical history, the duration and quantity of the plaintiff's ingestion of the drug, whether the plaintiff read the drug's labeling, etc.). As we have previously observed, however, "almost all injury litigation involves questions of causation that are case- and plaintiff-specific." *See In re: Wright Medical Tech., Inc., Conserve Hip Implant Prods. Liab. Litig.*, 844 F. Supp. 2d 1371, 1372 (J.P.M.L. 2012) (rejecting defendant's argument that subject actions should not be centralized because each involved "multiple intervening causation issues–such as a given plaintiff's health,

---

[*]   Judge John G. Heyburn II took no part in the decision of this matter.

[1]   As filed, the Section 1407 motion encompassed an additional action then pending in the Eastern District of California. That action has since been remanded to state court. The Panel has been notified of 26 related federal actions. Those actions and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2]   Responding defendants are McNEIL-PPC, Inc., McNeil Consumer Healthcare Division of McNEIL, PPC, Inc., and Johnson & Johnson (collectively McNeil), Novartis Consumer Health, Inc. (Novartis), and L. Perrigo Company (Perrigo).

- 2 -

medical issues and lifestyle"). Transferee judges have demonstrated the ability to establish and effectively manage common and individual discovery tracks, thereby realizing the benefits of centralization without delaying or compromising consideration of case-specific issues. *See In re: Yamaha Motor Corp. Rhino ATV Prods. Liab. Litig.*, 597 F. Supp. 2d 1377, 1378 (J.P.M.L. 2009). Of course, a transferee judge also has the discretion to address only the common issues, and then to suggest Section 1407 remand of the actions to their transferor courts for resolution of the individual issues. *See In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 780 F. Supp. 2d 1378, 1381 (J.P.M.L. 2011). Depending on the particular circumstances of the litigation, either approach can be appropriate.[3]

Novartis argues that the Eastern District of Pennsylvania *Becker* action should be excluded from the centralized proceedings, because it involves claims concerning not only Tylenol but also two other acetaminophen-containing drugs – Theraflu and Equate Pain Reliever Acetaminophen. We need not reach this argument, however, as we have decided to assign this litigation to the Honorable Lawrence F. Stengel, who is already overseeing all the constituent actions pending in the Eastern District of Pennsylvania, and can continue to handle *Becker* in the manner he deems appropriate.

On the basis of the papers filed and hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. As stated above, the actions all involve allegations that ingesting acetaminophen – specifically, OTC Tylenol in its various forms – can cause liver injury. The actions share factual issues concerning the design, manufacture, labeling, marketing, and sale of Tylenol. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings (on *Daubert* issues and other matters), and conserve the resources of the parties, their counsel, and the judiciary.

We conclude that the Eastern District of Pennsylvania is an appropriate transferee district for this litigation. McNeil Consumer Healthcare, the division of McNeil-PPC, Inc., alleged to be primarily responsible for the design, manufacture, and distribution of OTC Tylenol, is headquartered in that district, and McNeil-PPC, Inc., and Johnson & Johnson, Inc., are both located in New Jersey. Accordingly, many of defendants' witnesses and documents are likely to be found in or near the Eastern District of Pennsylvania. Judge Stengel, who, as mentioned, is already overseeing the 21 constituent actions pending in that district, served as transferee judge in MDL No. 1878, In re: Sterling Financial Corporation Securities Litigation, but has no MDLs at present. He is an experienced jurist, and we have every confidence that he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Pennsylvania are transferred to the Eastern

---

[3] We leave to the discretion of the transferee judge all issues relating to the conduct of the pretrial proceedings. *See In re Sundstrand Data Control, Inc. Patent Litig.*, 443 F. Supp. 1019, 1021-22 (J.P.M.L. 1978).

- 3 -

District of Pennsylvania, and, with the consent of that court, assigned to the Honorable Lawrence F. Stengel for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.   Paul G. Barbadoro
Marjorie O. Rendell      Charles R. Breyer
Lewis A. Kaplan

IN RE: TYLENOL (ACETAMINOPHEN)
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION                                  MDL No. 2436

# SCHEDULE A

<u>Middle District of Florida</u>

Charlotte Lee Thompson v. McNeil-PPC, Inc., et al., C.A. No. 3:12-00611

<u>Southern District of Florida</u>

Sandra L. Rudd, et al. v. McNeil-PPC, Inc., et al., C.A. No. 2:12-14307

<u>District of Massachusetts</u>

Kayleigh Sechi v. McNeil-PPC, Inc., et al., C.A. No. 3:12-12195

<u>Southern District of Mississippi</u>

Tommie J. Coleman v. McNeil-PPC, Inc., et al., C.A. No. 3:12-00591

<u>District of New Jersey</u>

Lilowtie Hardine v. McNeil-PPC, Inc., C.A. No. 2:12-05038

<u>Eastern District of New York</u>

Cathleen Murphy v. McNeil Consumer & Specialty Pharmaceuticals, et al.,
    C.A. No. 2:10-05967

<u>Eastern District of Pennsylvania</u>

Lucky Pettersen v. McNeil-PPC, Inc., et al., C.A. No. 2:12-05988
Sharyn Skursha, et al. v. McNeil-PCC, Inc., et al., C.A. No. 2:12-05989
Marilyn Patricia Seaboch Blake v. McNeil-PPC, Inc., et al., C.A. No. 2:12-05990
Laura A. Becker v. McNeil-PPC, Inc., et al., C.A. No. 2:12-05991
Linda Jean Davidson v. McNeil-PPC, Inc., et al., C.A. No. 2:12-05992
Hope Fleischer, et al. v. McNeil-PPC, Inc., et al., C.A. No. 2:12-05993
Phillip Pewitt v. McNeil-PPC, Inc., et al., C.A. No. 2:12-05994
Augustina Jimenez, et al. v. McNeil-PPC, Inc., et al., C.A. No. 2:12-05996
Madeline Speal v. McNeil-PPC, Inc., et al., C.A. No. 2:12-05997
Lia Barney v. McNeil-PPC, Inc., et al., C.A. No. 2:12-07253
Alseisha Osborne v. McNeil-PPC, Inc., et al., C.A. No. 2:12-07254

- A2 -

**MDL No. 2436 Schedule A (Continued)**

<u>Eastern District of Pennsylvania</u> (Continued)

Betty Barnes v. McNeil-PPC, Inc., et al., C.A. No. 2:12-07255
Lori Sears v. McNeil-PPC, Inc., et al., C.A. No. 2:12-07256
Jason E. Snyder v. McNeil-PPC, Inc., et al., C.A. No. 2:12-07257
Angela Altimus v. McNeil-PPC, Inc., et al., C.A. No. 2:12-07258
Kaitlyn Allen v. McNeil-PPC, Inc., et al., C.A. No. 2:12-07259
Herbert S. Why v. McNeil-PPC, Inc., et al., C.A. No. 2:12-07260
Maria Guadagno v. McNeil-PPC, Inc., et al., C.A. No. 2:12-07261
Jordan Rutkowski v. McNeil-PPC, Inc., et al., C.A. No. 2:12-07262
Rana Terry v. McNeil-PPC, Inc., et al., C.A. No. 2:12-07263
Petru Abel Ursoi v. McNeil-PPC, Inc., et al., C.A. No. 5:12-05995